UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy K. Scheffler,                                     Civil No. 13-106 (DWF/SER)

           Plaintiff,

v.                                                          **MEMORANDUM**
                                                                                  **OPINION AND ORDER**

Ramona Dohman,[1] in her official
Capacity as the Commissioner of Public
Safety, State of Minnesota;
and State of Minnesota,

           Defendants.

___

Peter J. Nickitas, Esq., Peter J. Nickitas Law Office, LLC, counsel for Plaintiff.

James E. Haase, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

___

## INTRODUCTION

       This matter is before the Court on Defendants' Motion to Dismiss the Complaint against Ramona Dohman and the State of Minnesota (together, "Defendants"). (Doc. No. 5.) For the reasons set forth below, the Court grants the motion to dismiss.

___

[1]      Plaintiff named "Mona" Dohman, Commissioner of the Department of Public Safety, but Defendants refer to the Commissioner as Ramona Dohman.

## BACKGROUND

Plaintiff was arrested for driving while impaired ("DWI") on July 26, 1994, November 1, 1996, and November 17, 1997. (Doc. No. 1, Compl. ¶ 14; Doc. No. 7, Ex. 1.)[2] Each of these incidents resulted in the revocation of Plaintiff's driving privileges. (Doc. No. 7, Ex. 1.) After the November 1997 incident, Plaintiff's driving privileges were cancelled. (*Id.*) As a condition to regaining his driving privileges, Plaintiff was required to complete a one-year abstinence-based alcohol rehabilitation program. (*Id.*) Plaintiff successfully completed the program and was issued a driver's license on December 8, 1998, with the restriction that he abstain from the use of alcohol. (*Id.*) Plaintiff's driving privileges were cancelled again on September 27, 1999. (*Id.*) As a condition to regaining driving privileges, Plaintiff was required to complete a three-year abstinence-based rehabilitation program. (*Id.*) Plaintiff completed the program and on December 11, 2002, was issued a driver's license, again on the condition that he not consume alcohol. (*Id.*) On December 13, 2010, Plaintiff was arrested for DWI. (*Id.*) Plaintiff's driving privileges were cancelled. (*Id.*) Plaintiff was required to complete a six-year abstinence-based rehabilitation program, or, he could elect to participate in the Ignition Interlock Program in order to be issued a restricted driver's license.[3]

---

[2] Plaintiff characterizes his infractions as two DWI convictions and one reckless driving related to alcohol conviction. (Compl. ¶ 14.)

[3] Defendants represent that an Ignition Interlock device measures breath alcohol concentration and prevents a motor vehicle's ignition from being started by a person whose breath alcohol concentration measures above a certain level.

Plaintiff filed the present action on January 11, 2013. (Compl.) He asserts two claims, both alleging violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). In short, Plaintiff asserts that the Minnesota statute and rule pursuant to which Plaintiff lost his driving privileges due to his DWIs violate the ADA. Plaintiff seeks injunctive relief restoring his driving privileges without restriction.[4] Defendants move to dismiss Plaintiff's Complaint in its entirety.

---

[4] Plaintiff filed a First Amended Complaint adding two claims under the Rehabilitation Act of 1973. (Doc. No. 17, Am. Compl. ¶¶ 80-107.) Plaintiff filed the First Amended Complaint on July 16, 2013, roughly six months after he filed his original Complaint, three months after Defendants filed their motion to dismiss, and ten days after he filed his opposition to the pending motion to dismiss. In addition, the First Amended Complaint was filed roughly ten days after the Court's extended deadline for Plaintiff to respond to Defendant's motion to dismiss. (Doc. No. 14.)

With respect to amendments before trial, Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> Fed. R. Civ. P. 15(a). It appears that the First Amended Complaint was improperly filed and, therefore, is not operative. Even so, the Court has reviewed the First Amended Complaint and concludes that it would be properly dismissed on the merits for the same reasons discussed herein.

## DISCUSSION

**I.	Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

## II. Motion to Dismiss

In this action, Plaintiff argues that Minnesota Statute section 171.09 and Minn. Rule 7503.1700, subp. 6 (the provisions pursuant to which Plaintiff lost his driving privileges), violate the ADA and seeks a declaration that Plaintiff is eligible to apply for a Minnesota motor vehicle driver's license that does not contain restrictions regarding the use of alcohol.[5] Defendants move to dismiss this action on two primary grounds: first, because Plaintiff fails to adequately allege that he is a qualified individual with a disability under the ADA; and second, that even if Plaintiff is a qualified individual, Minnesota law provides a reasonable accommodation for Plaintiff's purported disability by offering driving privileges through the Ignition Interlock Program or upon completing an abstinence-based rehabilitation program.

---

[5] Minn. Stat. § 171.09, subd. 1, provides that the Commissioner of Public Safety of the State of Minnesota may, when good cause appears, impose restrictions "applicable to the licensee as the commissioner may determine to be appropriate to assure the safe operation of a motor vehicle by the licensee." Minn. Stat. § 171.09, subd. 1(a).

Minn. Rule 7503.1700, subp. 6, provides in relevant part:

> **Failure to abstain following rehabilitation.** The commissioner shall cancel and deny the driver's license and driving privilege of a person on sufficient cause to believe that the person has consumed alcohol or a controlled substance after the documented date of abstinence. The commissioner shall not reinstate the driver's license or driving privilege of a person until the rehabilitation requirements of this chapter have been completed. This subpart does not apply to the consumption of a controlled substance in accordance with a medical prescription.

Minn. R. 7503, subp. 6.

Under the ADA, no "qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. §12131. The ADA has a three-pronged definition of "disability": (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

Defendants argue that Plaintiff has not sufficiently alleged facts to show that he is a qualified individual with a disability. Plaintiff summarily asserts that he has pleaded "his record of chemical dependency and alcoholism *de jure*." (Doc. No. 16 at 21 (citing Compl. ¶¶ 14-21 and Exs. 1 & 2).) In the Complaint (and the First Amended Complaint), Plaintiff's allegations as to his alleged disability are limited to the following basic facts: (1) that Plaintiff has a record of alcohol-related driving offenses; (2) that the Commissioner of Public Safety compelled Plaintiff to sign a pledge of alcohol abstinence as a condition of receipt of driving privileges; (3) that his license states that any use of alcohol will invalidate his license; (4) that the pledge indicates Plaintiff's last consumption of alcoholic beverage took place on November 1, 1999; (5) that Plaintiff acknowledged that his driving privileges would be cancelled if there is sufficient cause to

6

believe that he consumes alcohol; and (6) that the pledge prohibits Plaintiff, a practicing Roman Catholic, from partaking of the sacrament of Holy Communion. (Compl. ¶¶ 14-21; Am. Compl. ¶¶ 14-21.) Plaintiff appears to argue that, "in the eyes of the state," he is an alcoholic based on the abstinence requirement that has been applied to him as a result of his record of DWIs. (Doc. No. 16 at 28.)

The Court now considers whether Plaintiff has sufficiently alleged a disability under the ADA.

### A. Impairment That Substantially Limits a Major Life Activity

Under the first prong, a plaintiff can establish a disability by demonstrating a physical or mental impairment that substantially limits one or more of the individual's major life activities. 42 U.S.C. § 12102(1)(A). In general, major life activities include, but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A). In addition, a major life activity includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. 42 U.S.C. § 12012(2)(B).

Alcoholism may be recognized as a disability under the ADA. *Miners v. Cargill Commc'ns, Inc.*, 113 F.3d 820, 823 (8th Cir. 1997) (recognizing alcoholism as a disability within the meaning of the ADA where plaintiff introduced sufficient evidence that her employer regarded her as being an alcoholic). However, a plaintiff asserting an

ADA claim based on alcoholism still must establish a disability under one of the prongs of 42 U.S.C. § 12102(1)(A). *See, e.g.*, *Miners*, 113 F.3d at 823 n.5 (noting the ADA's definition of disability); *Ames v. Home Depot U.S.A. Inc.*, 629 F.3d 665, 670 (7th Cir. 2011) (explaining that alcoholism *may* qualify as a disability under the ADA; granting summary judgment for employer where employee's alcoholism did not substantially limit a major life activity). In other words, alcoholism is not a disability *per se*. *See Burch v. Coca-Cola Co., Inc.*, 119 F.3d 305, 316 (5th Cir. 1997). Here, Plaintiff makes no allegation that would support a finding that he has a physical or mental impairment due to alcoholism that substantially limits one or more major life activities. In fact, Plaintiff does not actually allege that he is an alcoholic, let alone any facts showing how any purported alcoholism has any limiting effect on a major life activity.[6] Thus, the Court concludes that Plaintiff has failed to allege a disability under the first prong of 42 U.S.C. § 12102(1).

### B. Record of Impairment

Under the second prong, a plaintiff can establish a disability by demonstrating a record of a past physical or mental impairment that substantially limits one or more of the individual's major life activities. 42 U.S.C. § 12102(1)(B). For the same reasons as discussed above, Plaintiff has not alleged that he has a past record of alcoholism. The only support offered that could conceivably apply to this prong is Plaintiff's assertion that

---

[6] The Court acknowledges that Plaintiff might very well have a problem with alcohol or be an alcoholic. Plaintiff has simply not sufficiently alleged such a condition or that any such condition constitutes a disability under the ADA. *See also* Footnote 7.

his record of three DWIs "gives him a record of alcoholism and chemical dependence *de jure* in the eyes of the state," particularly "because relapse is a foreseeable feature of the disability and disease of alcoholism." (Doc. No. 16 at 28.) The Court disagrees. Driving while intoxicated on multiple occasions does not, in and of itself, establish that Plaintiff is an alcoholic. Plaintiff does not allege a diagnosis of alcoholism or how any such diagnosis limits a major life activity, or even that his decisions to drive while intoxicated were due to the disease of alcoholism.[7] The Court therefore concludes that Plaintiff has failed to allege a disability under the second prong of 42 U.S.C. § 12102(1).

### C. Regarded as Having an Impairment

In light of the above, it appears that Plaintiff makes his disability claim under the third prong: that Defendants regard him as being an alcoholic. Under the third prong, a plaintiff can establish a disability by demonstrating that he has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A). This prong, however, does not apply to impairments

---

[7] The Court notes that neither party makes reference to the Minnesota Department of Public Safety's Rehabilitation Requirements, which require and provide an opportunity for each individual to submit a "discharge summary" showing successful completion of a chemical dependency treatment program, as well as confirmation that they are participating in an aftercare program such as a 12-step program like AA. (*See* Doc. No. 7-3 ¶¶ 2 & 3.) Moreover, there is no reference to a "discharge summary" or a chemical use assessment. (*See* Minn. Stat. 169A.70, subds. 2 and 3.) On the current record, the Court respectfully observes that the submissions of the parties indicate little knowledge of the protocols followed in many cases for individuals dealing with DWIs, the rehabilitation requirements associated with DWIs, and the use of chemical use assessments.

that are transitory or minor—a transitory or minor impairment being one with an actual or expected duration of six months or less. 42 U.S.C. § 12102(3)(B). In his brief, Plaintiff generally discusses alcoholism and relapse. (Doc. No. 16 at 17-18.) Plaintiff also maintains that he has pleaded "his record of chemical dependency and alcoholism *de jure*." (*Id*. at 21.) In support, Plaintiff again cites to paragraphs 14 through 21 in his Complaint and Exhibit 1 attached to the Complaint. The portions of the Complaint cited, however, do not support the assertion that Plaintiff is an alcoholic, or that Defendants regarded him as an alcoholic. Instead, the allegations relate to the simple facts that Plaintiff has a record of alcohol-related driving offenses, the Commissioner of Public Safety compelled Plaintiff to sign a pledge of alcohol abstinence as a condition of regaining his driving privileges, and that Plaintiff's license states that any use of alcohol will invalidate his license. (Compl. ¶¶ 14-21; Am. Compl. ¶¶ 14-21.)

Plaintiff appears to argue that because the Commissioner of Public Safety cancelled Plaintiff's driving privileges and required Plaintiff to abstain from alcohol as a condition for reinstatement of those privileges, Defendants must regard him as an alcoholic. Again, the Court disagrees. As explained above, without more, the fact that Plaintiff has multiple DWIs does not establish a record of alcoholism. Likewise, the fact that Defendants placed conditions on Plaintiff's driving privileges in response to Plaintiff's multiple DWIs does not suggest that Defendants regard Plaintiff as an alcoholic. Choosing to drive while intoxicated is not a behavior that is limited to alcoholics. Again, while it may be that Plaintiff has a problem with alcohol, the

10

allegations in his Complaint fail to establish that he is a qualified individual under the ADA.[8] Thus, Plaintiff's Complaint is properly dismissed with prejudice.[9]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [5]) is **GRANTED**; and

2. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2013
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[8] Even if Plaintiff had established that he was a qualified individual under the ADA, Defendant offers reasonable accommodations through an abstinence-based rehabilitation program and the Ignition Interlock Program.

[9] The Court has reviewed Plaintiff's proposed First Amended Complaint and finds that it would not survive a motion to dismiss. Thus, the Court concludes that dismissal with prejudice is appropriate. The Court also declines to reach alternative grounds for dismissal.